2004 UT 65

**Carol R. PAGE, an individual, and Leray L. McAllister, an individual, Petitioners,**

v.

**Gayle F. McKEACHNIE, in his official capacity as Lieutenant Governor of the State of Utah, Jill Zollinger, in her official capacity as Cache County Clerk, and Kim T. Jackson, in her official capacity as Utah County Clerk, Respondents.**

No. 20040609.

Supreme Court of Utah.

Aug. 13, 2004.

Blake D. Miller, Joel T. Zenger, Salt Lake, for petitioners.

Mark L. Shurtleff, Att'y Gen., Mark E. Burns, Asst. Att'y Gen., N. George Daines,

Carlyle Kay Bryson, F. Chris Yannelli, for respondents.

PER CURIAM:

¶ 1 This matter comes before the court on a petition for extraordinary writ. Petitioners are sponsors of the Utah Clean Water, Quality Growth and Open Space Initiative, who seek an order from this court declaring the sufficiency of signatures on their initiative petition for two senate districts, and ordering the Lieutenant Governor to place the initiative proposal on the ballot for the November 2004 general election according to Utah Code section 20A–7–207. We decide this question pursuant to our authority under article VIII, section 3 of the Utah Constitution and the standards set forth in rule 19 of the Utah Rules of Appellate Procedure.

¶ 2 Section 20A–7–206(3)(a) requires county clerks to "check all the names of the signers against the official registers to determine whether or not the signer is a registered voter." Utah Code Ann. § 20A–7–206(3)(a) (2003). In this case, it is undisputed that the county clerks in Cache and Utah counties checked not only the names of the signers on the voter registration lists, but also in many instances the signers' addresses, thereby ascertaining whether the address listed by the signer on the initiative petition matched the address on the list. In some cases, the existence of an address match was used to confirm that an otherwise questionable signature was indeed that of a registered voter and therefore entitled to be certified pursuant to the statute. In other cases, the absence of a matching address was used to disqualify a signature when, for example, there were multiple voters with identical names and the clerks determined they could not match an individual signer with one specific voter name. Petitioners assert that the statute does not authorize the exercise of such "negative discretion" on the part of the county clerk to refuse to certify a matching name in the absence of an address match.

¶ 3 The statute clearly does not specifically authorize the practice described above, nor does it specifically prohibit it. The two county clerks in this case argue that they have discretion under the statutory scheme to use whatever presumptions of validity and methods of verification they conclude will best ensure that each certified signature is actually that of a registered voter. We cannot agree with this proposition for two reasons.

¶ 4 First, the overall structure of Title 20A, which governs statewide voter initiatives, contains a number of built-in devices intended to ensure valid signatures. We believe that compliance with these requirements deserves some measure of deference from the county clerks in the certification process. Section 203 requires that each signer must, in the petition, attest: "I have personally signed this petition; I am registered to vote in Utah or intend to become registered to vote in Utah before the certification of the petition names by the county clerk; and My residence and post office addresses are written correctly after my name." Utah Code Ann. § 20A–7–203(1)(a) (2003). It further requires that each petition signature sheet contain a notice at the top with the word "Warning" and the following statement in "not less than eight-point, single leaded type":

> It is a class A misdemeanor for anyone to sign any initiative petition with any other name than his own, or knowingly to sign his name more than once for the same measure, or to sign an initiative petition when he knows he is not a registered voter and knows that he does not intend to become registered to vote before the certification of the petition names by the county clerk.

*Id.* § 20A–7–203(2)(e). Furthermore, each initiative packet requires the person who actually collected the signatures to verify that

> [a]ll the names that appear in this packet were signed by persons who professed to be the persons whose names appear in it, and each of them signed his name on it in my presence; I believe that each has printed and signed his name and written his post office address and residence correctly, and that each signer is registered to vote in Utah or intends to become registered to vote before the certification of the petition names by the county clerk.

*Id.* § 20A–7–203(3). Thus, when the county clerk applies a presumption that a name valid on its face but without a matching address on the voter list is not in fact a registered voter, the clerk must presume that one or both of the verifications on the petitions are false or mistaken (or, of course, that a signer who intended to register failed to do so). In our view, this presumption is no more justified than the equally plausible circumstance that a registered voter has moved to a new address within the district between elections.[1] We believe that deference to the effectiveness of the precautions against fraud or mistake in the statute itself requires exercise of a presumption in favor of certification where the names match but the addresses do not, and there is no other dispositive evidence. This does not mean that use of address matching is impermissible; it is a valid and useful tool for identification purposes. But the lack of an address match, standing alone, should not be grounds for rejection of the signature of a voter whose name appears on the voter list.

¶ 5 Second, all of the parties to this proceeding conceded in oral argument that there is no common policy or uniformity in the practices of the many county clerks' offices statewide, all of whom must perform the same statutory task with respect to certification of initiative petition signatures. Such wide discretion creates the very real likelihood that a signature that would be certified by one county clerk could be rejected by another, thus creating disparities in the ability to participate in the initiative process among Utah voters statewide. Given the constitutional status of the right of the people to initiate legislation, *Gallivan v. Walker,* 2002 UT 89, ¶ 21, 54 P.3d 1069; *Utah Safe to Learn—Safe to Worship Coalition, Inc. v. Utah,* 2004 UT 32, ¶ 23, 94 P.3d 217, such

disparities would be problematic, and we decline to interpret the statute to permit them.

¶ 6 We note that the recent revisions to the statutes governing referenda and initiatives have greatly clarified the standards and procedures for these functions. It may be that further attention from the legislature would be helpful regarding certification standards for county clerks. Counsel for the parties in this case suggested, for example, that future inclusion of date of birth information on both the voter registration lists and petition signature requirements could solve a great many problems and streamline the certification process.

¶ 7 It appears to us from the record and statements made at oral argument that the manner in which we have interpreted the statutory scheme to limit the discretion of county clerks to reject signatures solely on the basis of an address discrepancy (assuming of course that the address listed on the petition is within the proper senate district) will create sufficient clarity for a re-examination of the petition signatures affected by this decision. Such a re-examination should be conducted immediately and the petitions resubmitted as soon as possible to the office of the Lieutenant Governor for approval and placement on the ballot, if warranted.

¶ 8 Having disqualified himself, Justice DURRANT does not participate herein; Court of Appeals Judge PAMELA T. GREENWOOD sat.

---

1. A change of residence within a county does not change a voter's status from registered to non-registered; voters who change addresses within

a county retain the right to sign petitions. *See* Utah Code Ann. § 20A–2–306.